UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, S

| | |
|---|---|
| Charles Norman Lawson, | ) C/A No. 2:06-1930-PMD-RSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| South Carolina Department of Corrections, | ) |
| | ) |
| Defendant(s). | ) |

Plaintiff, who is detained at the Lexington County Detention Center, has filed this matter pursuant to 42 U.S.C. § 1983 complaining about his detention. Specifically, plaintiff states he violated his probation and was sentenced to one year. Since the charge was "violent", he was required by statute to serve 85% of his time without parole, and without "good time" or work credits. According to the plaintiff, three weeks prior to the end of his one year sentence, he was asked to sign an "early release form". Plaintiff alleges instead of being released he was placed on "community supervision". Plaintiff claims he should not be subject to any community supervision, stating he "was tricked" into a two-year program. Plaintiff maintains he should "be free and not on paper".

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction,

64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

Plaintiff, who by his own admission committed a crime of violence, is subject to "community supervision" pursuant to S.C. Code § 24-21-560 (effective date January 1, 1996), which was in effect at the time of Plaintiff's sentencing. *See* S.C. Code § 24-13-100 ("Definition of no parole offense; classification. For purposes of definition under South Carolina law, a 'no parole offense' means a class A, B, or C felony or an offense exempt from classification as enumerated in Section 16-1-10(d), which is punishable by a maximum term of imprisonment for twenty years or more."). Plaintiff does not indicate what class of offense he committed but admits the crime was a "no parole" offense. Thus, community

supervision would apply under state law to plaintiff's "no parole" crime.

In addition, plaintiff has filed this matter pursuant to 42 U.S.C. § 1983, however, since Plaintiff is contesting the manner of the execution of his sentence, plaintiff should have filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 case. *See* Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006)(habeas relief under § 2241, rather than § 2254, proper because the petitioner was challenging the execution of his sentence rather than the validity of his conviction). Furthermore, although § 2241 has an exhaustion requirement, Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies), that requirement is not applicable when the prisoner has no adequate remedy such that exhaustion would be futile. Gamble v. Calbone, 375 F.3d 1021, 1026 (10th Cir.2004). The South Carolina Supreme Court has held that a PCR application is not an available state court remedy for an *ex post facto* claim similar to Petitioner's, Jernigan v. State, 340 S.C. 256, 531 S.E.2d 507 (2000). Thus, although plaintiff would likely not have to exhaust any remedies if he had filed a habeas petition, this matter is barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994) where the court noted:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;

if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, *supra.* See also Schafer v. Moore, 46 F.3d 43 ( 8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and Woods v. Candela, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808 (1995). See also Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996). *Accord* Smith v. Holtz, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); Burnside v. Mathis, 2004 WL 2944092 (D.S.C. 2004). Since the plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, this action must be dismissed for failure to state a claim.

In addition, it is not necessary for the defendant, the South Carolina Department of Corrections, to file an answer since they are an agency of the State of South Carolina. The defendant is immune from suit under 42 U.S.C. § 1983 because the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed
> to extend to any suit in law or equity, commenced or prosecuted
> against one of the United States by Citizens of another State, or
> by Citizens or Subjects of any Foreign State.

*See* Alden v. Maine, 527 U.S. 706, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999); *See also* Federal Maritime Commission v. South Carolina State Ports Authority, *et. al.*, 122 S. Ct 1864, 2002 WL 1050457 (U.S. May 28, 2002) (state sovereign immunity precluded Federal

Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(Law. Co-op. 2004), which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal]. ***The plaintiff's attention is directed to the important notice on the next page.***

*[signature]*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
Date 7/24/06

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
