IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Norman Lawson, Jr., ) | C.A. No. 2:06-1930-PMD-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court upon the recommendation of the Magistrate Judge that Plaintiff's claim be summarily dismissed pursuant to 28 U.S.C. § 1915A for failing to set forth a claim upon which relief may be granted. The record contains a report and recommendation of the United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A party may object, in writing, to a R&R within ten days after being served with a copy of that report. 28 U.S.C. 636(b)(1). Plaintiff has filed timely objections to the R&R.

### I. BACKGROUND

Plaintiff, who was detained at the Lexington County Detention Center in 2003, filed this matter pursuant to 42 U.S.C. § 1983 against the South Carolina Department of Corrections challenging the imposition of a two-year term of "community supervision" upon his release.

Plaintiff admits to violating probation in 2003, and being sentenced to one year in prison. He admits that because the charge was "violent," he was required by statute to serve 85% of his time without parole, and without "good time" or work credits. Plaintiff alleges that in July 2003, three weeks prior to the end of his one year sentence, he was asked to sign an "early release form." He asserts that, because he signed the "early release form," he was placed on community supervision for two years. Plaintiff believes that he should have been unconditionally released and that the

Department of Corrections "tricked" him into accepting this two-year term of probation as a condition of his early release. He claims that, if he had known that early release imposed a term of "community supervision," he would have served the remainder of his term in prison rather than accept early release. Additionally, Plaintiff maintains that, by releasing him subject to community supervision, the Department of Corrections changed his sentence, which it lacked authority to do. As such, he claims that the imposition of this term of probation was a violation of his constitutional rights, and requests compensation for his lost "property, wages and time . . . of the past 2 and a half years."

The Magistrate Judge found that (1) Defendant Department of Corrections is immune from suit because, as an agency of the State of South Carolina, the Eleventh Amendment divests this court of jurisdiction over it; (2) community supervision is required under state law for Plaintiff's "no parole" crime; and (3) because Plaintiff's state conviction has not been overturned, Plaintiff's damages claim for an allegedly unconstitutional sentence had not yet accrued. Accordingly, pursuant to 28 U.S.C. § 1915A, the Magistrate recommended that the case be dismissed without prejudice and without issuance and service of process for failing to state a claim.[1]

## II. STANDARD OF REVIEW

---

[1] 28 U.S.C. § 1915A states,

**(a) Screening**. --The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

   **(1)** is frivolous, malicious, or *fails to state a claim upon which relief may be granted*; or

   **(2)** seeks monetary relief from a defendant *who is immune from such relief*.

2

**A.     The Magistrate Judge's R&R**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

**B.     28 U.S.C. § 1915A – Failure to State a Claim**

Dismissals under 28 U.S.C. § 1915A for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6). *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999); *Davis v. District of Columbia,* 158 F.3d 1342, 1348 (D.C. Cir. 1998). Under this well-known standard, the court should not dismiss a complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Roads Regional Jail,* 407 F.3d 243, 248 (4th Cir. 2005); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). "Moreover, when such a dismissal involves a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would

not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir. 1988).

### III. DISCUSSION

**A.    Plaintiff objects to the Magistrate's finding that Community Supervision applies to his sentence.**

The Magistrate found that Plaintiff, who by his own admission committed a crime of violence, was required by statute to complete a community supervision program upon his release. S.C. Code § 24-21-560 ("[A]ny sentence for a "no parole offense" as defined in Section 24-13-100 must include any term of incarceration and completion of a community supervision program operated by the Department of Probation, Parole, and Pardon Services."). As such, the Magistrate found that the Department of Corrections' referral of Plaintiff to the Department of Probation for completion of a community supervision program was not a change in his original sentence, but was imposed by statute as a part of his sentence.

In his objections, Plaintiff admits that he was convicted of a Class A felony, Assault and Battery with Intent to Kill. He does not deny that this offense is punishable by a prison sentence of twenty years or more and is therefore a "no parole" offense. S.C. Code Ann. § 16-3-620. Rather, his "complaint is not the execution of my sentence, but by whom it was overturned or changed, which would be the Department of Corrections. Community Supervision was not a part of my sentencing on my court date. How does the Department of Corrections have the right to hand out more Community Supervision, than I had on the original sentence."

Plaintiff's objection is without merit. The Code of South Carolina clearly requires that if a prisoner's probation is revoked by the court and the court imposes a period of incarceration for the revocation, the prisoner *also must* complete a community supervision program of up to two years

as determined by the Department when he is released from incarceration. S.C. Code 1976 § 24-21-560(D). In this case, Plaintiff violated his probation in 2003 and the court imposes a one-year period of incarceration. As such, regardless of the terms of Plaintiff's original sentence, the law of South Carolina, not the Department of Corrections, imposed a term of community supervision upon him to be served following his release from incarceration. The law further gave the Department of Probation the discretion to determine the length of his community supervision program, up to two years. As such, the court finds that the Magistrate correctly found that the Department of Corrections did not "overturn or change" Plaintiff's sentence.

**B.     Plaintiff objects that the Magistrate erred in finding he is required to have his conviction reversed or expunged before he can bring a civil suit challenging the conviction.**

The Magistrate found that, because Plaintiff is contesting the manner of the execution of his sentence, Plaintiff should have filed a petition for writ of habeas corpus under 28 U.S.C. § 2241; not a claim for damages under 42 U.S.C. § 1983. *See Dulworth v. Evans,* 42 F.3d 1265, 1268 (10th Cir. 2000) (habeas petitioner relief under § 2241 is proper where petitioner is challenging the execution of his sentence rather than the validity of his conviction). The Magistrate noted that "in order to recover damages for allegedly [invalid sentence],. . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477 (1994). Because Plaintiff's sentence had not been overturned, the Magistrate found that Plaintiff had not exhausted his challenges to the sentence; accordingly, he held that Plaintiff could not bring civil suit for damages for the allegedly unconstitutional terms of his sentence.

Without elaboration, Plaintiff objects that the Magistrate erred in finding he is required to have his sentence reversed or overturned before he can bring a civil suit challenging the terms of his sentence. The court disagrees. Because Plaintiff is clearly challenging the terms of his sentence, Plaintiff is required, as a prerequisite to suit, to have his sentence overturned, reversed, or expunged. *Id*. Because he has not fulfilled this prerequisite, the court finds that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Magistrate did not err in recommending that Plaintiff's case be summarily dismissed pursuant to 28 U.S.C. § 1915A.

**C.    Sovereign Immunity**

The Magistrate further found that the Department of Corrections is immune from suit under 42 U.S.C. § 1983 because the Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina. The Plaintiff does not object to this finding; accordingly, the court adopts the Magistrate's recommendation. As the Magistrate correctly noted, because the Department of Corrections is an agency of the State of South Carolina, the Eleventh Amendment prevents this court from entertaining Plaintiffs 42 U.S.C. § 1983 claim.

## IV.  CONCLUSION

For the foregoing reasons, and adopting in full the recommendations of the Magistrate Judge, it is **ORDERED** that this case be **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 2, 2006.**